IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


S.P.,[1]

                    Plaintiff,

vs.                                        Case No. 22-1077-SAC

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

                    Defendant.


**MEMORANDUM AND ORDER**

        This is an action appealing the denial of Social Security disability benefits.  According to the administrative hearing decision in this matter, plaintiff filed his application for benefits on May 11, 2020 and has alleged that he has been disabled since that date.  (Tr. 12).  The administrative law judge (ALJ) conducted a video hearing on September 15, 2021, considered the evidence, and decided on November 1, 2021 that plaintiff was not qualified to receive benefits.  This decision has been adopted by defendant.

I. Standards of review

        To qualify for disability benefits, a claimant must establish that he or she was "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E), during the time when the claimant had

---

[1] The initials are used to protect privacy interests.

"insured status" under the Social Security program.  See Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1347 (10th Cir. 1990); 20 C.F.R. §§ 404.130, 404.131.  To be "disabled" means that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards.  See Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  "Substantial evidence" is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019)(quoting Consolidated Edison Co. v. NLRB, 305, U.S. 197, 229 (1938)).  This standard is "not high," but it is "'more than a mere scintilla.'" Id., (quoting Consolidated Edison, 305 U.S. at 229).  It does not require a preponderance of the evidence.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

II. The ALJ's decision (Tr. 12-24).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision.  (Tr. 13-14). First, it is determined whether the claimant is engaging in substantial gainful activity.  Second, the ALJ decides whether the

claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the sequential evaluation process, the ALJ determines whether the claimant is able to do any other work considering his or her residual functional capacity, age, education and work experience.

In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show that there are jobs in the economy with the claimant's residual functional capacity. Id. In this case, the ALJ decided plaintiff's application should be denied at the fifth step of the evaluation process.

The ALJ made the following specific findings in her decision. First, plaintiff meets the insured status requirements for Social Security benefits through December 31, 2025. Second, plaintiff has not engaged in substantial gainful activity since May 11, 2020.

Third, plaintiff has the following severe impairments: lumbar spine degenerative disc disease and stenosis, degenerative joint disease of the right hip, neuropathy, obesity, obstructive sleep apnea, bipolar disorder, persistent depressive disorder, posttraumatic stress disorder, opioid use disorder, and alcohol use disorder. Fourth, plaintiff does not have an impairment or combination of impairments that meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Fifth, according to the ALJ (Tr. 17), plaintiff has the following residual functional capacity. He can perform light work; lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. He can stand or walk in combination for 4 hours in an 8-hour workday with normal breaks. He can sit for 6 hours in an 8-hour workday with normal breaks. He can occasionally climb ramps and stairs; may not climb ladders, ropes and scaffolds; and can occasionally stoop, kneel, crouch and crawl. More than occasional exposure to extreme cold, heat, humidity, and vibration should be avoided as should all exposure to unprotected heights and machinery with moving mechanical parts. Finally, he can perform tasks that do not require more than occasional interaction with coworkers, supervisors, and the general public.

Based upon the testimony of a vocational expert, the ALJ determined that plaintiff could not perform any past relevant work, but that he could perform jobs existing in significant numbers in

the national economy, such as office helper, mail clerk, and routing clerk.  (Tr. 23-24).

III. <u>The court shall reverse and remand for further proceedings</u>.

Plaintiff makes two main arguments to support his request to reverse and remand the decision to deny benefits.  The court shall discuss only the second argument in this order.  The court does not reach the issue of whether the ALJ considered and assessed plaintiff's mental and physical symptoms and their impact upon plaintiff's functional capacity in accordance with Social Security regulations.  See <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th Cir. 2004)(declining to reach other issues which may be affected by resolution of case on remand, where ALJ did not follow correct legal standards in considering treating physician's opinion); <u>Crews v. Kijakazi</u>, 2022 WL 4130793 *4 (E.D.Mo. 9/12/2022)(declining to address other arguments when remand is ordered to reevaluate opinion evidence).

The court finds that the denial of benefits should be reversed and this matter remanded for further proceedings because the ALJ did not follow Social Security regulations is discussing the opinion of one of plaintiff's treating doctors, Dr. Rhanda Eboh. Dr. Eboh was a treating doctor for plaintiff in 2021.  (Tr. 855-861; 875-881; 900-905; 925-930; 946-953).  Dr. Eboh completed a check-the-box medical source statement in late July 2021.  (Tr. 1119-1120).  The statement listed plaintiff's mental diagnoses as

bipolar disorder, PTSD, and opioid use disorder.  Dr. Eboh opined that plaintiff would miss 4 days a month of work, and he would likely be off-task 25% of the time.  (Tr. 1119).  She checked a box indicating that plaintiff was markedly limited in his ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (Tr. 1120).  According to the form, Dr. Eboh based her conclusions upon plaintiff's medical history, clinical findings, laboratory findings, diagnosis and treatment.[2]  (Tr. 1120).  No further detail was provided to support the medical source statement.

The ALJ's opinion reviewed the findings in Dr. Eboh's statement.  (Tr. 21).  Then, the ALJ evaluated the opinion as follows:

> The undersigned finds this opinion is not persuasive, as it is not consistent with the record as a whole.  Mental status examinations, as well as the claimant's previous actions despite mental impairments suggest there are no more than mild limitations to the claimant's ability to understand, concentrate, and adapt.  However, given the claimant's issues with social interactions, those limitations are warranted.  In addition, off-task time and absences are not consistent with the record and are not warranted given the claimant has not shown marked or extreme limitations, where there would be need for such restrictions.

---

[2] Dr. Eboh also noted that plaintiff was mildly to markedly limited in following instructions, maintaining attention and concentration, interacting with the public and co-workers, accepting instructions and criticism, sustaining an ordinary routine without special supervision, and adapting to work changes. (Tr. 1119-1120).

(Tr. 21).

Social Security regulations state that medical opinions will be considered in light of their supportability, consistency, relationship with the claimant, specialization and other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are considered the most important factors. § 404.1520c(b)(2). The factor of supportability means a medical opinion is "more persuasive" when it is supported by "more relevant ... objective medical evidence and supporting explanations." § 404.1520c(c)(1). The factor of consistency means a medical opinion is "more persuasive" when it is "more consistent" with evidence "from other medical sources and nonmedical sources." § 404.1520c(c)(2). The regulations state: "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. . . . but are not required to[] explain how we considered the [other three] factors." § 404.1520c(b)(2).

Plaintiff contends that the ALJ failed to address the supportability of Dr. Eboh's opinion. Doc. No. 11, p. 19–20. After discussing this point, plaintiff also claims that the ALJ failed to explain how Dr. Eboh's opinions were inconsistent with the record. Doc. No. 11, pp. 20-22. In response, the Acting Commissioner does not expressly assert that the ALJ explained how she considered the supportability and consistency factors.

7

Rather, the Acting Commissioner contends that the ALJ adequately explained why Dr. Eboh's opinion was not persuasive and that the ALJ's opinion is well-reasoned in light of the record as a whole and the limitations she placed upon plaintiff's functional capacity.  Doc. No. 15, pp. 10-11.

The court agrees with plaintiff that the ALJ did not address supportability.[3]  Such a discussion could include, for example, whether Dr. Eboh's treatment notes supported her opinion, the check-the-box format of her opinion, whether Dr. Eboh examined plaintiff, and whether Dr. Eboh explained how or why she reached her opinion.  See Starman v. Kijakazi, 2021 WL 4459729 *4 (E.D.Mo. 9/29/2021)(listing cases).  The ALJ, however, did not mention these factors or any others. Dr. Eboh was a treating doctor in this case and she represented that her opinion was supported by medical history, laboratory and clinical findings, diagnosis, and treatment.  Under these circumstances, the court finds that the absence of any supportability analysis, contrary to regulations, is a significant error.[4]  See Lucus v. Saul, 960 F.3d 1066, 1070

---

[3] The court acknowledges that the ALJ made a conclusory statement that she considered medical opinions in accordance with the requirements of § 404.1520c. (Tr. 17).  This statement, however, is no substitute for an explanation of how she considered the supportability and consistency factors.  See Harper v. Astrue, 428 Fed.Appx. 823, 826 n.1 (10th Cir. 2011)(discounting similar statement); Keyes-Zachary v. Astrue, 695 F.3d 1156, 1170 (10th Cir. 2012)(criticizing the use of standard boilerplate language in place of more thorough analysis).

[4] The Commissioner has not expressly argued harmless error and the court declines to address that question. Garrett v. Kijakazi, 2022 WL 1651454 *3 n.4 (W.D.N.C. 5/24/2022).

(8th Cir. 2020)(failure to comply with SSA regulations is a legal error, not a mere drafting issue); Dany Z. v. Saul, 531 F.Supp.3d 871, 883-84 (D.Vt. 2021)(courts have remanded for failing to describe supportability and consistency, citing cases); Starman, 2021 WL 4459729 *5 (same, citing cases); see also, K.J.A. v. Kijakazi, 2021 WL 3674667 *8 (D.Kan. 8/19/2021)(remanding case where ALJ failed to explain how he considered the supportability of a treating doctor's opinion).

The ALJ's discussion of consistency is some improvement.  The ALJ's somewhat vague reference to "mental status examinations, as well as the claimant's previous actions," assists in explaining the ALJ's decision.  (Tr. 21).  The court, however, does not need to determine whether it complies with the regulations because the ALJ's failure to address supportability is sufficient to warrant remand.

In summary, the court finds that remand is required because the ALJ erred in evaluating the persuasiveness of Dr. Eboh's medical source statement by failing to consider the opinion's supportability.  The court does not reach the other issues raised by plaintiff in this case.

IV. Conclusion

For the above-explained reasons, the court finds that the decision to deny benefits should be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).  This case is remanded

9

for further proceedings consistent with this decision; further
development of the medical record if necessary; and then proceeding
through the sequential evaluation process before issuing a new
decision.

**IT IS SO ORDERED.**

Dated this 26th day of September 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge