IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN PURSLEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 22-1077-KHV |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Shawn Pursley appealed the decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA") 42 U.S.C. § 401 et seq.[1] On September 26, 2022, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Honorable Judge Sam A. Crow entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Judgment In A Civil Case (Doc. #17). On remand, on September 5, 2023, the Administration decided the case in favor of plaintiff. See Notice Of Decision (Doc. #22-3). Specifically, it found that plaintiff has been disabled since September 1, 2020 and awarded past due benefits in the amount of $53,277.70. See Notice Of Award (Doc. #22-4). From the past due benefits, i.e. $53,277.70, the Administration withheld 25 per cent, i.e., $13,319.43 for attorney fees. Id. at 3. On December 27, 2022, the Court sustained Plaintiff's Attorney's Unopposed Motion For An Award Of Attorney Fees Pursuant To The Equal Access To Justice Act ("EAJA") (Doc. #19) filed December 21, 2022, and awarded plaintiff $5,127.20 in attorney fees.

---

[1] On December 20, 2023, Martin O'Malley was appointed Commissioner of the Social Security Administration. Pursuant to Rule 25(d), Fed. R. Civ. P., Martin O'Malley is substituted for former Acting Commissioner Kilolo Kijakazi as defendant in this suit.

Memorandum And Order (Doc. #21); see 28 U.S.C. § 2412(d). This matter is before the Court on Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #22) filed May 2, 2024.

## Background Information

On February 28, 2022, plaintiff and his attorney entered into a fee agreement regarding representation in federal court. See Fee Agreement For Representation In United States District Court (Doc. #22-5). The agreement provides that if the Administration awarded benefits, subject to review, approval and/or modification by the court, counsel would receive 25 per cent of all past due social security disability and social security insurance benefits. Id.

As noted, the Court previously awarded $5,127.20 in attorney fees under the EAJA. Memorandum And Order (Doc. #21). The Department of Treasury intercepted the funds, however, to pay a debt which plaintiff owed to the Baldwin County Department of Human Resources. See Motion For Attorney Fees (Doc. #22) at 3; U.S. Department Of Treasury Letter (Doc. #22-8). Therefore, plaintiff's counsel did not receive the EAJA fee.

## Legal Standards

Attorneys handling social security cases in court may seek fees under both the EAJA and the SSA. See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). The statutes provide two types of fee awards which the Court determines separately. See id. Under the EAJA, unless it finds that the government's position was "substantially justified" or that special circumstances make an award unjust, the Court may award fees based on a statutory maximum hourly rate of $125.00. 28 U.S.C. § 2412(d). Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid from agency funds. See McGraw, 450 F.3d at 497; 28 U.S.C. § 2412(d)(1)(A) (EAJA fee awarded to prevailing party). As such, the government

may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government.  See Astrue v. Ratliff, 560 U.S. 586, 589 (2010).

Under the SSA, the Court awards fees out of past due benefits to satisfy a client's obligation to counsel.[2]  See 42 U.S.C. § 406(b)(1)(A); McGraw, 450 F.3d at 497.  In awarding fees under the SSA, the Court exercises discretion.  Gordon v. Astrue, 361 F. App'x 933, 935 (10th Cir. 2010).  The Court determines such fees based on reasonableness, with a statutory maximum of 25 per cent of past due benefits.  See id.  The Court may determine a reasonable fee based on a lodestar calculation[3] or a contingency fee agreement between the attorney and client.  See Gisbrecht v. Barnhart, 535 U.S. 789, 799–800 (2002).  SSA fees are paid directly to counsel.  See McGraw, 450 F.3d at 497; 42 U.S.C. § 406(b)(1) (SSA fee paid out of past due benefits).  If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff.[4]  See McGraw, 450 F.3d at 497–98.

---

[2]    Section 406(b) states, in part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

[3]    The Court calculates the lodestar amount by multiplying the hours which counsel reasonably spent on the litigation by a reasonable hourly rate.  See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

[4]    As noted, the Department of Treasury intercepted the EAJA fee award to pay plaintiff's pre-existing debt.  Plaintiff's counsel thus did not receive fees under the EAJA.

## Analysis

Under the SSA, 42 U.S.C. § 406(b), plaintiff's counsel asks the Court to authorize attorney fees in the amount of $13,319.43. Section 406(b) limits attorney fee awards to 25 per cent of the total past due benefits to which claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In addition, the fee must be reasonable. Id. In Gisbrecht, the Supreme Court found that although Section 406(b) does not displace contingency fee agreements between plaintiffs and their counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." 535 U.S. at 807. When evaluating reasonableness of a contingency fee, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Gordon, 361 F. App'x at 934 (citing Gisbrecht, 535 U.S. at 808). Defendant takes no position on counsel's request, except to state that plaintiff's attorney did not receive EAJA fees, and defers to the Court's discretion on the reasonableness of the award. Defendant's Response To Plaintiff's Petition For Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #23) filed May 16, 2024.

Here, the Court finds that an award of $13,319.43 is reasonable and within the statutory limit. As to the first two factors, counsel achieved a favorable result and did not cause any delay in the case. As to the third factor, plaintiff ultimately received benefits in the amount of $53,277.70, and counsel now seeks attorney's fees in the amount of $13,319.43, which represents 25 per cent of the total award. Counsel submitted an itemized invoice showing 24.90 hours of work on the case. Itemized Invoice For Legal Services (Doc. #22-6). The total amount requested,

i.e. $13,319.43, translates to an hourly rate of $534.92[5] with an effective hourly rate in a non-contingent case of $191.04.[6] The Court recognizes that due to the possibility of social security cases being unsuccessful, the contingent nature of these cases "justifies a fee award which is higher than the normal hourly rate charged by practitioners." See Rogers v. Kijakazi, No. 19-1134-JWL, 2022 WL 17718655, at *3 (D. Kan. Dec. 15, 2022) (approving hourly rate of $2,265.39 with effective hourly rate of $809.07). The requested award reflects an hourly rate which falls within the range of hourly rates typically awarded by judges of this district in similar cases. See Shawn D.L. v. O'Malley, No. 22-1199-JAR, 2024 WL 382626, at *2 (D. Kan. Feb. 1, 2024) (approving hourly rate of $1,014.80 with effective hourly rate in non-contingent case of $362.43). On this record, the Court finds that a fee award of $13,319.43 is reasonable and sustains plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #22) filed May 2, 2024 is **SUSTAINED.** Plaintiff's attorney, Kelsey Young, is entitled to $13,319.43 in attorney's fees. The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past due benefits.

Dated this 4th day of June, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5] $13,319.43 divided by 24.90 equals $534.92.

[6] Counsel states that claimants in social security cases ultimately prevail in approximately 36 per cent of cases. Motion For Attorney Fees (Doc. #22-1) at 9. To make up for the risk of loss, counsel would need to charge a winning client an amount 2.8 times the fee the attorney would have charged a client paying on a non-contingent basis. See id. Applying this 2.8 multiplier results in an effective hourly rate of $191.04.